

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 4, 1950

Hon. James H. Moore
County Attorney
Angelina County
Lufkin, Texas

Opinion No. V-1051.

Re: The validity of a
teacher's contract
executed by a Board
of School Trustees
in the absence of
three new trustees
elected three days
prior to the con-
tract date.

Dear Sir:

We quote from your inquiry as follows:

"On April 1st, 1950, one of the Rural
High School Districts in this County held a
trustee election at which three new trustees
were elected. On April 4th, 1950, five of
the members of the Board of Trustees met and
employed the teachers for the ensuing year.
None of the newly elected trustees were pre-
sent or signed the contract.

"Our question is this: Is the contract
as made by the old Board of Trustees with the
teachers a valid and binding contract notwith-
standing the provision in the last sentence
in Article 2750a-1, . . ."

Article 2750a-1, V.C.S., provides:

"The trustees of any Common School Dis-
trict or Consolidated Common School District
shall have authority to make contracts for a
period of time not in excess of two (2) years
with principals, superintendents and teachers
of said Common School Districts or Consoli-
dated Common School Districts, provided that
such contracts shall be approved by the Coun-
ty Superintendent. No contract may be signed
by the Trustees of Common School Districts
or Common Consolidated School Districts un-
til the newly elected trustee or trustees

<u>have qualified and taken the oath of of-</u>
<u>fice.</u>"   (Emphasis added)

Section 4 of Article 2774a, V.C.S., provides
in part:

"The control and management of the
schools of a rural high school district
. . . shall be vested in a board of seven
trustees . . . who shall be elected and
serve in accordance with the provisions of
the general law (Section 1, Article 2745)
relative to common school districts except
as may be otherwise provided herein; . . ."
(Matter in parenthesis added.)

By virtue of your reference to Article 2750a-1,
we assume the district in question is classified as com-
mon under Article 2922b, and that the newly elected trus-
tees had not qualified or taken the oath of office when
the purported contracts in question were made.

Attorney General Opinion 0-765, dated July 1,
1939, held that a provision of Article 2750a similar to
the one underscored above was unconstitutional because
of the defective caption of the Act.  In Opinion 0-4595,
dated May 26, 1942, it was pointed out that the Legisla-
ture, apparently to remedy this defect, enacted in 1941
the law codified as Article 2750a-1 in Vernon's Civil
Statutes.  That opinion further states that the language
used in Article 2750a-1 very plainly indicates that the
feature sought to be remedied was the practice whereby
defeated school trustees would join in executing teacher
contracts before the "newly elected" trustee or trustees
could qualify.

In opinions 0-4595 and 0-3064, the latter dat-
ed July 21, 1941, it was held that Article 2750a-1 had
no application to the fact situations considered there-
in, for the reason that the contracts there in question
were signed at a time prior to the regular election for
new trustees in April.

Under the facts presented herein three new
trustees were elected on April 1, 1950.  On April 4,1950,
five members of the old board met and contracted for
teachers.  This was done after the trustee election of
April 1 and prior to the qualification of the newly elect-
ed trustees.

We are in agreement with your opinion that such contracts are invalid by virtue of the provision of Article 2750a-1, above underscored. Under that law, the trustees in question had no authority to execute or sign teacher contracts between election day (April 1, 1950) and the qualification of the newly elected trustees.

## SUMMARY

Under facts submitted, and under Article 2750a-1, V.C.S., the old board of trustees of a rural high school district had no authority to execute or sign teachers' contracts during the time between the election of the district's new trustees and their qualification. Arts. 2745; 2774a, Sec.4; 2922b, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Joe Greenhill
First Assistant

By
Chester E. Ollison
Assistant

CEO:bh:mw